

# COURT OF APPEALS

## SECOND DISTRICT OF TEXAS

### FORT WORTH

NO. 2-09-176-CR

ROBERT WYMAN PARR          APPELLANT

V.

THE STATE OF TEXAS          STATE

------------

FROM THE 355TH DISTRICT COURT OF HOOD COUNTY

------------

## MEMORANDUM OPINION[1]

------------

On August 14, 2007, pursuant to a plea bargain, Appellant Robert Wyman Parr pled guilty to indecency with a child,[2] a second-degree felony. The

---

[1] *See* Tex. R. App. P. 47.4.

[2] As Appellant points out in his pro se response to the *Anders* brief, the order of deferred adjudication indicates that the complainant was sixteen years old; the final judgment indicates that the complainant was fourteen years old. But the offense of indecency with a child occurs to complainants who are "younger than 17 years of age." Tex. Penal Code Ann. § 21.11(a) (Vernon Supp. 2009). Consequently, the discrepancies regarding the complainant's age are irrelevant to the resolution of this appeal. Nothing in the record indicates

trial court placed Appellant on ten years' deferred adjudication community supervision and imposed a $1,500 fine. Less than fourteen months later, the State filed a motion to adjudicate guilt, alleging that Appellant had violated the terms and conditions of his community supervision in various ways, including by committing a new offense—DWI (Paragraph C) and by failing to abstain from the use of alcohol (Paragraph E). Appellant pled true to these two paragraphs but not true to the remaining paragraphs. After the hearing, the trial court found that Appellant had violated the terms and conditions of his community supervision in various ways, including by committing a new offense—DWI and by failing to abstain from the use of alcohol. The trial court adjudicated Appellant's guilt and sentenced him to twelve years' confinement.

Appellant's court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion. In the brief, counsel avers that, in his professional opinion, this appeal is frivolous. Counsel's brief and motion meet the requirements of *Anders v. California*[3] by presenting a professional evaluation of the record demonstrating why there are no arguable

that Appellant has requested a judgment nunc pro tunc from the trial court.

[3] 386 U.S. 738, 87 S. Ct. 1396 (1967).

grounds for relief.[4]  Appellant has also filed a pro se response to the *Anders* brief.  The State has not filed a brief.

Once an appellant's court-appointed counsel files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of *Anders*, we are obligated to undertake an independent examination of the record to see if there is any arguable ground that may be raised on his behalf.[5]  Only then may we grant counsel's motion to withdraw.[6]

We have carefully reviewed the record, counsel's brief, and Appellant's response.  We agree with counsel that the appeal is wholly frivolous and without merit.  We find nothing in the record that might arguably support the appeal.[7]  Consequently, we grant the motion to withdraw and affirm the trial court's judgment.

PER CURIAM

PANEL:  DAUPHINOT, GARDNER, and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

---

[4] *See Mays v. State*, 904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no pet.).

[5] *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays*, 904 S.W.2d at 923.

[6] *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

[7] *See Bledsoe v. State*, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005).

DELIVERED:  January 28, 2010